IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND OWENS, #214 918, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-768-WHA |
| ) | [WO] |
| ALABAMA BOARD OF PARDONS ) | |
| AND PAROLES, *et al*., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action on October 18, 2013. In this complaint, Plaintiff complains that Defendants' conduct in giving him a five-year set off for his next parole consideration date and subsequently barring him from parole consideration violated his rights under the *Ex Post Facto Clause*. Plaintiff names as defendants the Alabama Board of Pardons and Paroles ["the Board"], Cynthia Dillard, Eddie Cook, Phil Bryant, Sandra Cochran, Bill Wynne, Robert Longshore, and Cliff Walker. Plaintiff seeks declaratory relief, preliminary and permanent injunctive relief, money damages, costs, and trial by jury.

Upon review of the complaint, the court concludes that Plaintiff's claims against the Board and his request for monetary damages from Defendants are subject to dismissal in

accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

## I. DISCUSSION

1. <u>The Alabama Board of Pardons and Paroles</u>.  The Alabama Board of Pardons and Paroles is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Board are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2. <u>Claims for Monetary Damages</u>. Plaintiff seeks monetary damages from Defendants with respect to actions undertaken in the parole consideration process.  This Circuit has long recognized that parole board members are entitled to quasi-judicial immunity from suits requesting damages based upon decisions to grant, deny or revoke parole. *Fuller v. Georgia State Board of Pardons and Parole*, 851 F.2d 1307 (11th Cir. 1988); *Cruz v. Skelton,* 502 F.2d 1101, 1101-02 (5th Cir. 1974).  All of the actions about which Plaintiff complains have arisen during proceedings related to his consideration for parole.  Under these circumstances, the actions of Defendants are inextricably intertwined

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

with their decision-making authority and they are, therefore, absolutely immune from damages. Consequently, Plaintiff's claims for monetary damages against Defendants are due to be summarily be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Alabama Board of Pardons and Paroles be DISMISSED as a party to this cause of action;

3.  Plaintiff's claims for monetary damages against Defendants be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii); and

4.  This case, with respect to Plaintiff's remaining claims be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **December 17 , 2013**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this

Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 3rd day of December, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE