IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RAYMOND OWENS, #214 918,     )
          )
    Plaintiff,        )
          )
    v.           )    CIVIL ACTION NO. 2:13-CV-768-WHA
          )            [WO]
CYNTHIA DILLARD, *et al*.,     )
          )
    Defendants.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility in Harvest, Alabama, files this 42 U.S.C. § 1983 complaint against Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles ("the Board"); Eddie Cook, Assistant Director for the Board; Phil Bryant, Assistant Director for the Board; Sandra Cochran, Executive Secretary for the Board; and Board Members Bill Wynne, Robert Longshore, and Cliff Walker.  Plaintiff challenges the application of Ala. Code § 15-22-27.3 (1975) (as amended) to bar his parole, claiming that the statute is unconstitutional because he was not advised by the trial judge or his attorney that his convictions made him ineligible for parole.[1]  Plaintiff also challenges Defendants' conduct in

---

[1] Although Plaintiff initially refers to Ala Code § 15-20A-48(a) as the statute under which the Board determined he was barred from parole, it is clear from his subsequent reference in the complaint to Ala. Code § 15-22-27.3 as the basis for the Board's decision that the latter is the statute Plaintiff seeks to challenge. That statute provides that "[a]ny person convicted of a sex offense involving a child as defined in subdivision (26) of Section 15-20A-4 which constitutes a Class A or B felony shall not be eligible for parole." Ala. Code § 15-20A-48(a) provides:

> For the purposes of Sections 13A-5-2, 13A-5-6, 14-9-41, 15-18-8, 15-22-27.3, or any other section of the Code of Alabama 1975, a criminal sex offense involving a child shall mean a conviction for any sex offense in which the victim was a child under the age of 12 or any offense involving child pornography.

scheduling his parole consideration hearings, after he was reinstated to parole consideration, for every five years even though the statute regarding parole set-offs at the time of his conviction set parole consideration hearings at three year intervals. Defendants' conduct, Plaintiff claims, violates his right to be free from cruel and unusual punishment, infringes his rights to due process and equal protection, and violates the *Ex Post Facto* Clause. Plaintiff seeks declaratory and injunctive relief for the alleged violations of his constitutional rights. Doc. 1.

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. Doc. 25.  Upon receipt of Defendants' special report, the court issued an order directing Plaintiff to file a response, including sworn affidavits and other evidentiary materials, and specifically cautioning Plaintiff that "the court may at any time thereafter and without notice to the parties … treat the special report and any supporting evidentiary materials as a motion for summary judgment." Doc. 22 at 2. Plaintiff responded to Defendants' report, *see* Doc. 25, but his response does not demonstrate any genuine issue of material fact. *See* Doc. 22 at 2. Thus, the court treats Defendants' report as a motion for summary judgment, and it finds that the motion is due to be granted in favor of Defendants.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam); Fed.  R.  Civ.  P.  56(a) ("The court shall grant summary judgment if the movant shows that there

---

Under Ala. Code § 15-22-27.3, "[a]ny person convicted of a sex offense involving a child as defined in subdivision (26) of Section 15-20A-4 which constitutes a Class A or B felony shall not be eligible for parole."

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc*., 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Educ*., 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non- moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does

not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See*

*Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of

production and proof in a civil case.

## II.  FACTS

Plaintiff is serving a 40-year sentence for first degree sodomy and a ten-year sentence for

sexual abuse in the first degree. The Circuit Court for Walker County, Alabama, entered judgment

against Plaintiff on these convictions on December 18, 2000. On July 1, 2011, the Alabama Sex

Offender Registration and Notification Act ["ASORNA"] became effective. *See* Ala. Code §§ 15-

20A-1, *et seq*. On July 9, 2013, the Board, relying on the provisions of ASORNA which changed

sex offender's eligibility for parole, notified Plaintiff he was no longer eligible for parole. The

Board subsequently reinstated Plaintiff to parole eligible status and reinstated the July 2016 parole

consideration date it had originally set following the decision to deny Plaintiff parole on July 13,

2011, Doc. 1, Exhs. A-D; Doc. 21, Exhs. A, B.

## III. DISCUSSION

### A. Official Capacity Claims[2]

Plaintiff seeks to sue the named defendants in their individual and official capacities.

Defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking

monetary damages from them in their official capacities. *Lancaster v. Monroe Cnty.*, 116 F.3d

1419, 1429 (11th Cir. 1997); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994);

*Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989). Plaintiff also may not seek a declaratory

judgment or injunction against the Alabama Board of Pardons and Paroles, as the State of

---

[2] Previously the court dismissed Plaintiff's request for monetary damages against the defendant parole
board members in their individual capacities for actions relative to the denial of parole. *See* Docs. 7, 11.

Alabama, its agencies, and its officials (in their official capacities) are entitled to absolute Eleventh Amendment immunity against these forms of relief. *See Edelman v. Jordan*, 415 U.S. 651, 667 (1974); *Seminole Tribe of Florida v. Florida Dep't of Revenue*, 750 F.3d 1238 (11th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 947, 190 L.Ed. 2d 829 (2015).[3]

## B.  Ex Post Facto Claim

Plaintiff argues that when he was convicted in 2000, the Board only had authority to set off parole consideration hearings for three years.  When the Board denied him parole in July of 2010, however, Plaintiff complains that it set his next parole consideration date off for five years instead of three. Plaintiff claims that Defendants' conduct violated his constitutional rights when Defendants scheduled Plaintiff's 2016 parole consideration date based on a retroactive application of administrative rules which altered the frequency of parole consideration dates. Specifically, Plaintiff argues that changing the frequency of his parole consideration dates from every three to every five years violated the *Ex Post Facto* Clause because prior regulations, and the regulations in effect at the time of his conviction, allowed parole consideration at more frequent intervals. Plaintiff requests that Defendant be directed to schedule his parole eligibility hearing dates in accordance with the parole statutes and administrative rules which existed when he committed his offense in 2000. Docs. 1, 25.

The *Ex Post Facto* Clause bars "enactments which, by retroactive operation, increase the punishment for a crime after its commission."  *Garner v. Jones*, 529 U.S. 244, 249 (2000). An amended law or regulation must create a significant risk of increasing the punishment imposed

---

[3] Under *Ex parte Young*, 209 U.S. 123 (1908), however, a plaintiff may seek prospective injunctive relief from a state official, such as the members of the parole board, to compel them to perform their duties in the future in a constitutional fashion. *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (*citing Edelman*, 415 U.S. at 664–71) ("The Eleventh Amendment does not insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of federal constitutional law.").

upon an inmate for the amendment to run afoul of this constitutional provision. *Id.* at 255. Decisions regarding whether a parole regulation violates the *Ex Post Facto* Clause when applied to inmates entitled to more frequent parole consideration when they committed their crimes must be made case-by-case. *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000). In making these decisions, a court must consider evidence concerning the general operation of the parole system and any other evidence produced by a prisoner to support his assertion that the regulation "'as applied to his sentence,' created a significant risk of increasing his punishment." *Id*. at 1350 (quoting *Garner*, 529 U.S. at 255); *Jones v. Ray*, 279 F.3d 944, 946 -947 (11th Cir. 2001).

In *Garner*, the Court addressed whether an amended rule extending parole consideration hearings from every three years to every eight years in Georgia violated the *Ex Post Facto* Clause. The Court determined that increasing the interval between scheduled parole consideration hearings did not prevent the exercise of discretion by the Georgia Board of Pardons and Paroles during the period between parole reviews, because the agency's policies permit the Board, in its discretion, to schedule expedited reviews in the event of a change in circumstances or new information. *Garner*, 529 U.S. at 256. The determination of whether retroactive application of a particular change in a law or regulation governing parole respects the prohibition of *ex post facto* legislation is often a question of particular difficulty when the discretion vested in the parole board is considered. *Id.* at 249. In deciding whether a parole regulation prevents a parole board's exercise of discretion, the court may consider the implementing regulations, the statutory structure and the board's representations regarding its operations. *Id*. at 254. "The idea of discretion [for a parole board] is that it has the capacity, and the obligation, to change and adapt based on experience." *Id*. at 253. "The *Ex Post Facto* Clause does not apply to guidelines that do not create mandatory rules

for release but are promulgated simply to guide the parole board in the exercise of its discretion."
*Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001).

Alabama law gives the Alabama Board of Pardons and Paroles broad discretion in determining whether an inmate should be granted parole, *see* Ala. Code § 15-22-26 (1975, as amended), "and when and under what conditions" parole will be granted, Ala. Code § 15-22-24(a). This discretion, however, does not displace the protections of the *Ex Post Facto* Clause. *Garner*, 529 U.S. at 253. The proper inquiry in cases challenging retroactive application of new parole policies or statutes is whether the retroactive change creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id*. (internal quotation marks and citation omitted).

The rules and regulations governing the frequency of parole consideration dates are found in the operating procedures for the Alabama Board of Pardons and Paroles. "The initial operating procedure governing the scheduling of parole consideration dates, Ala. Adm. Code § 640–X–2.02(8)(1982, revised 1986), provided that upon denial of parole to an inmate 'the Board will determine when [the inmate's] case is to be reset but in no event shall it be reset for more than three years from the date of denial.'" *See Carey v. Danford,* Civil Action No. 2:10-CV-772-MEF (M.D. Ala. 2013) (Court Doc. 62). In 2001, the Parole Board adopted amended rules and regulations regarding the parole guidelines and procedures applicable to this case. *See* Doc. 21, Exh. C-1, Exh. D. Article 6, § 11, Rules, Regulations and Procedures of the Board of Pardons and Paroles (vesting the Board with discretion to determine whether to set the case for reconsideration and, if reconsideration is allowed, "when the case shall next be docketed for consideration, not to

exceed five (5) years.").[4] *Id.* at Exh. C-3, Exh. D at 5.  Despite these amendments, Alabama law

gives the Parole Board broad discretion to determine whether an inmate should be granted parole,

and "when and under what conditions" parole should be granted. Ala.Code § § 15–22–24(a), 15–

22–26. The Board is required to consider the public interest in every case. *Id*. § 15–22–26. Article

2, § 7, provides that, "[i]f the Board has denied or revoked parole, the Committee may consider

earlier scheduling, but such review shall not begin earlier than eighteen (18) months after the Board

has denied or revoked parole."[5]  *Id*. at Exh. D at 3.  The opportunity for an expedited parole review

is likewise available to qualified inmates.  Article 2, § 1, provides that "[s]uch a rescheduling may

be granted only for good cause shown and circumstances bearing on [the inmate's] probability to

succeed on parole, not merely because the prisoner is following the rules in prison."  *Id*. at 2.  Thus,

the rule changes facilitate exercise of the Board's discretion.  *Garner*, 529 U.S. at 254-255.

In this case, the law changing the frequency of parole consideration dates from three years

to five years does not extend the term of imprisonment imposed upon Plaintiff or increase the level

of risk he will serve a longer term of imprisonment.  Prior to the change in parole consideration

intervals, the parole regulations and rules never guaranteed Plaintiff he would be unconditionally

released before completion of his 50-year total term of imprisonment.  In addition, 18 months after

any denial of parole Plaintiff may submit information about changed circumstances bearing on his

suitability for parole and could be scheduled for consideration at an earlier date. Thus, even if the

risk of an increased term of incarceration develops in Plaintiff's case in the future, he may, upon

---

[4] The adoption of the 2001 rules and regulations of Article 6, § 11 provided a five-year maximum in the reset date from the denial of parole. Doc. 21, Exh. C-1. At the time that Defendants filed their dispositive motion, the Board retained the five-year set off in its 2011 amendments.  *Id*. Exh. D.

[5] The 2001 amendment to the regulation in Article 2, § 8 allowed the "earlier scheduling" of parole consideration twenty-four months, rather than eighteen months, after the denial of parole.  Doc. 21, Exh. C-2.

showing "good cause … and circumstances bearing on his probability to succeed on parole," seek an earlier review before the 5-year interval expires. Article 2, § 1, Rules, Regulations and Procedures of the Board of Pardons and Paroles; Doc. 21, Exh. D at 2.

Here, no evidence is presented which demonstrates that the regulations at issue create a significant risk of increased punishment for Plaintiff. Further, as explained above, Plaintiff has the ability to petition the Board for an earlier parole consideration date. The court, therefore, concludes that the change about which Plaintiff complains did not lengthen his actual term of imprisonment, and his *ex post* facto challenge to the potential increase in time between parole consideration dates provides no basis for relief in this § 1983 action. Defendants are, therefore, due to be granted summary judgment on this claim.  *Garner*, 529 U.S. at 253-256; *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1108 (11th Cir. 2015) (recognizing that "[t]he Supreme Court has twice considered – and twice rejected – an *Ex Post Facto* challenge to a state's increase in the interval between parole reviews."); *Olstad v. Collier*, 326 Fed. Appx. 261 (5th Cir. 2009) (retroactive imposition by parole board of changes in Texas parole policy allowing a potential five year set-off until prisoner's "next parole review presents no *ex post facto* violation because its effect on increasing [plaintiff's] punishment is merely conjectural. . . The Board is vested with discretion as to how often to set [plaintiff's] date for reconsideration, with five years for the maximum; the Board is also permitted to adjust subsequent review dates and conduct a special review if [plaintiff's] status changes."); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995) (change in rules that lengthen period of time between parole reconsideration hearings applied retroactively by parole board not violative of the *Ex Post Facto* Clause.

## C. Due Process Claim

Plaintiff also challenges on due process grounds the changes to parole guidelines amended after he was convicted and sentenced which altered the interval between parole consideration dates.[6]

> "The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest created.... Alabama parole statutes do not create a liberty interest [in parole] … ."

The law is well settled that "the mere possibility of parole provides simply 'a hope that is not protected by due process.' …. [T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)."[7] *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987). Further, federal courts no longer determine whether a state created a constitutionally protected liberty interest by parsing statutes and regulations to determine if their language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion," but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

---

[6] To the extent that Plaintiff relies on *Morrissey v. Brewer*, 408 U.S. 471 (1972), to support his due process challenge, the court notes while there are due process rights which attach to a parole revocation proceeding, there are no corresponding due process rights in parole consideration hearings in Alabama. *See id.*

[7] Section 15–22–26 of the Alabama Code governs the authority of the Alabama Board of Pardons and Paroles to grant parole to inmates. The statute provides, in part:

> The use of established guidelines for parole consideration shall not create a right or expectation by a prisoner to parole release. Additionally, the articulated reasons for denial of parole release shall not create a right or expectation for parole release. The guidelines shall serve as an aid in the parole decision making process, and the decision concerning parole release shall be at the complete discretion of the board.

Ala. Code § 15-22-26(c).

As explained, an Alabama inmate has no liberty interest in parole protected by the Due Process Clause. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] … these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. "Since an inmate is normally incarcerated in prison, [the plaintiff's remaining in prison while awaiting parole consideration] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." *Asquith v. Dep't of Corrs*., 186 F.3d 407, 412 (3d Cir. 1999).  Because Plaintiff has failed to demonstrate a deprivation of any due process right to which he is entitled, Defendants are due summary judgment on this claim.

**D. Cruel and Unusual Punishment**

Plaintiff contends that the Board's current guideline requiring a five-year set off between parole consideration hearings constitutes cruel and unusual punishment because the parole guidelines in effect at the time of his conviction and sentence provided that he could be set off for parole consideration for no more than three years.  This claim entitles Plaintiff to no relief.

The Eighth Amendment proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny an inmate "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Id*. at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991).  Neither an increase of the set off time for parole consideration nor the denial of parole rises to the level of an Eighth Amendment violation, as either

action is "merely a disappointment rather than a punishment of cruel and unusual proportions." *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 933 (11th Cir. 1986). Consequently, Defendants are entitled to summary judgment on this claim.

**E. Equal Protection**

To the extent that Plaintiff challenges the change from parole set off intervals every three years to set off intervals every five years as violating his right to equal protection, he is entitled to no relief.[8] To establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946–947 (11th Cir. 2001). Moreover, to succeed on an equal protection challenge, Plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of rules, regulations, policies or statutes without discriminatory intent is insufficient to demonstrate a violation of the *Equal Protection Clause. Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted*); see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Plaintiff's instant challenge to the actions of

---

[8] Although Plaintiff denies raising an equal protection claim in this matter, Doc. 25 at 8, based on a review of the complaint, and because Plaintiff's complaint is entitled to a liberal construction, *Hughes v. Rowe*, 449 U.S. 5 (1980), out of an abundance of caution, the court addresses this claim.

parole officials requires exceptionally clear proof of discrimination. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Evidence which merely indicates disparity of treatment is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279 (1987). Since this case is before the court on a properly supported motion for summary judgment from Defendants, Plaintiff bears the burden of producing some probative evidence to show that the actions of Defendants resulted from intentional discrimination. *Celotex*, 477 U.S. at 322–324; *Waddell*, 276 F.3d at 1279. Plaintiff fails to meet this burden, as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from Defendants, *Brunskill v. Boyd*, 141 Fed. Appx. 771, 776 (11th Cir. 2005), or otherwise demonstrating that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason. Plaintiff sets forth no facts to support an allegation of an equal protection violation. Even a liberal interpretation of Plaintiff's *pro se* complaint reveals no factual basis for an equal protection claim. Summary judgment is due to be granted in favor of Defendants on this claim.

**F. Challenge to the Statute**

Plaintiff challenges the constitutionality of Ala. Code § 15-22-27.3, complaining that the effect of the statute bars him from parole eligibility for which he previously was eligible. The evidence before the court shows that Plaintiff has been reinstated to parole eligibility status. This claim is, therefore, moot. Doc. 21, Exh. B.

Courts do not sit to render advisory opinions. *North Carolina v. Rice,* 404 U. S. 244,246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only remaining relief requested is injunctive, it is possible for events after the complaint was filed to make the matter moot. *National*

*Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

"[A] c[laim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). Federal courts are not permitted to rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate … [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.   A claim that is moot must be dismissed because mootness is jurisdictional. *Soliman*, 296 F.3d at 1242.

Plaintiff's ultimate objective regarding his challenge to application of Ala. Code § 15-22-27.3 was to be restored to eligibility for consideration for parole. Here, the court cannot provide Plaintiff with meaningful relief regarding his challenge to being barred from parole eligibility under Ala. Code § 15-22-27.3, as the Board itself has reinstated him to parole eligible status. Because the Board reinstated Plaintiff to parole eligible status and reset him for a tentative parole consideration date, there is no longer a case or controversy to litigate regarding this claim. *United States ex rel. Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984); *Soliman*, 296 F.3d at 1242.

## G. Respondeat Superior

To the extent that Plaintiff seeks to hold the Executive Director of the Board (Defendant Dillard), the Assistant Directors of the Board (Defendants Cook and Bryant), and the Executive Secretary (Defendant Cochran) liable based on their supervisory positions, supervisory personnel

cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory

of *respondeat superior* or based on vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S.

658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v.*

*City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to

hold supervisory officials liable for the actions of their subordinates under either a theory of

*respondeat superior* or vicarious liability). "Because vicarious liability is inapplicable to … § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see*

*also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official

is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is

a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli*

*v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his

constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must

actually have participated in the constitutional wrongdoing."). "Absent vicarious liability, each

Government official, his or her title notwithstanding, is only liable for his or her own misconduct."

*Iqbal*, 556 U.S. at 677. Thus, the aforementioned defendants are liable for the challenged conduct

of their subordinates only if they "personally participate[d] in the alleged unconstitutional conduct

or [if] there is a causal connection between [their] actions … and the alleged constitutional

deprivation[s]." *Cottone*, 326 F.3d at 1360 (citation omitted).

Here, Plaintiff does not allege Defendants Dillard, Bryant, Cochran, or Cook were

personally involved in any of his alleged constitutional deprivations. Moreover, Plaintiff's

allegations do not establish the causal connection necessary to hold these defendants responsible

for the alleged constitutional deprivations. *Cottone*, 326 F.3d at 1360. Summary judgment is, therefore, due to be granted in favor of these defendants.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motions for summary judgment (Doc. 21) be GRANTED.

2. Judgment be GRANTED in favor of Defendants.

3. This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before December 28, 2016**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 14th day of December, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge