IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND OWENS, AIS# 214918 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-CV-768-WHA-SRW |
| ) | (WO) |
| CYNTHIA DILLARD, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This case is before the court on the Plaintiff's Objections (Doc. # 35), filed on January 19, 2017, to the Recommendation of the Magistrate Judge (Doc. # 31) entered on December 14, 2016, which recommended that the motions for summary judgment of the Defendants be granted. After an independent evaluation and de novo review of the file in this case, the court finds the Objections to be without merit.

In this § 1983 action, Plaintiff complained that Defendants improperly barred him from parole and alleged their conduct in scheduling his parole consideration hearings for every five years when the statute regarding parole set-offs at the time of his conviction set parole consideration hearings at three year intervals violated his right to be free from cruel and unusual punishment, infringed his rights to due process and equal protection, and violated the *Ex Post Facto* Clause.

Plaintiff challenged the constitutionality of Ala. Code § 15-22-27.3, complaining the effect of the statute barred him from parole eligibility, even though he previously had been eligible for parole because he was sentenced prior to enactment of § 15-22-27.3. As explained in the Recommendation, the undisputed evidence reflects the parole board reinstated Plaintiff to

parole eligibility status, making this claim moot. Plaintiff argues the claim is not moot because the court denied his request to amend the complaint three years after he filed this action in which he sought to amend to add a claim that the parole board reinstated his parole, set a parole consideration date for September 2016, and then denied parole in retaliation for his filing this civil action. Plaintiff's argument fails to invalidate the Magistrate Judge's determination that Plaintiff's challenge to application of § 15-22-27.3 is, in fact, moot. Further, while Plaintiff is correct that the Magistrate Judge denied his request to amend his complaint filed in November 2016, the Magistrate Judge informed him he could file a new complaint if he wished to challenge the constitutionality of actions which had occurred since filing this action.

Plaintiff states that he objects to the Recommendation regarding the official immunity of Defendants, but his objection, which includes a reference to the standard for qualified immunity, is without legal merit. Plaintiff's objections to the court's determination regarding his due process, ex post facto, and cruel and unusual punishment claims are, likewise, without merit for the reasons explained in the Recommendation.

Therefore, it is hereby Ordered as follows:

(1) The Plaintiff's Objections are Overruled.

(2) The court adopts the Recommendation of the Magistrate Judge.

(3) Defendants' Motions for Summary Judgment are Granted and judgment will be entered in favor of the Defendants.

(4) This case is Dismissed with prejudice.

Done this 16th day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE